**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| DENISE K. STREATY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-0523-TWP-MJD |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON APPLICATION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**I.   BACKGROUND**

This matter is before the Court on the motion by Plaintiff Denise K. Streaty ("Ms. Streaty") for an award of attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  Ms. Streaty applied for Disability Insurance Benefits ("DIB") based on severe physical impairments.  Her application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ").  The Appeals Council denied review and on judicial review, Ms. Streaty prevailed when this Court remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  For the reasons discussed below, Ms. Streaty's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. #39) is **GRANTED in part**.

**II.   DISCUSSION**

The EAJA provides that a successful litigant against the federal government is entitled to recover attorney's fees if: (1) he was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there existed no special circumstances that would make an award

unjust; and (4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Ms. Streaty was the prevailing party and her fee application was filed timely. Her counsel seeks compensation for 26.65 hours of attorney time at the rate of $175.00 per hour for a sub-total of $4,663.75, plus reimbursement of $350.00 for the filing fee, for a total of $5,013.75. The Commissioner, however, opposes the attorney's fee and contends the Agency was substantially justified in its litigation position and the fee requested is unreasonable. Alternatively, the Commissioner asks the Court to reduce the award because the hourly rate sought is unreasonable. Additionally, the Commissioner argues if a fee is awarded, it should be awarded directly to Ms. Streaty and not her counsel.

**A.      The Commissioner's position was not substantially justified.**

The Commissioner has the burden of establishing that his position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 271 at 724 (7th Cir. 2004). The Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." *Pierce v Underwood*, 487 U.S. 552 at 565, 108 S.Ct. 2541. In *Pierce,* the court emphasized that "a position can be justified even though it is not correct ... if it has a reasonable basis in law and fact." *Id*. at 566 n. 2, 108 S.Ct. 2541. See *Mogg v Astrue* 266 Fed. Appx. 470 (7th Cir. 2008). To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation position and then makes one determination as to the entire civil action. *Bassett v Astrue*, 641 NF.3d 857, 860 (7th Cir. 2011).

In finding that this case should be remanded, the Court noted "the ALJ did not adequately discuss and articulate the evidence in finding plaintiff less than fully credible". The Commissioner argues this finding is "primarily an articulation error that does not equate with a lack of substantial justification". See *Cunningham v Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).

2

Typically, it takes something more egregious than just a run-of-the mill error in articulation to make the Commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the Commissioner's defending of the ALJ's opinion on a forbidden basis. *Bassett*, 641 F.3d at 860. In this case, the reasons for the Court's remand were more than an articulation error. The Court found the record to be replete with evidence regarding Ms. Streaty's mental problems which the ALJ ignored. Additionally, the Court found that the ALJ failed to confront evidence that did not support his conclusion and failed to provide a discussion of relevant evidence. As such, the Court will find that the Commissioner's position was not substantially justified.

**B.    Reasonableness of the Fee**

Next, the Commissioner asks the Court to reject the amount of Ms. Streaty's application for EAJA fees and to award any fees at a reduced rate and amount. EAJA "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011).

Ms. Streaty's counsel has calculated an increase in the cost of living using the Consumer Price Index numbers for "All Items," at a rate of $175.00 for 2010. The Commissioner argues any increase in the cost of living for this case should be calculated using the "Midwest Urban" average of the Consumer Price Index at a rate of $171.00 per hour. Ms. Streaty's counsel has failed to respond to this reasonable argument.

A cost of living increase is not automatically added to the statutory fee. *Mathews-Sheets*, 653 F.3d at 563. Counsel has failed to present sufficient evidence to support a finding that his costs of living in litigating social security cases (for example, including what he pays his legal assistant and what he charges in non-contingency fee cases) have increased since 1996. In his brief, Ms. Streaty's counsel merely argues that the statutory hourly rate is below the market rate for the same kind and quality of legal services as performed in this case and that his practice has focused on disability litigation for many years. Counsel has failed to show how cost of living increases, such as increases in costs of overhead, including rent, supplies, continuing legal education, and Westlaw, justify a cost of living increase. *See e.g., Scott v. Astrue*, No. 08-C-5882, 2012 WL 527523 (N.D. Ill. Feb. 16, 2012) (also providing affidavits from attorneys who charge above $175.00 in non-contingency Social Security cases)).

Apparently, however, the Commissioner concedes that $125.00 is no longer the appropriate rate, and the Court agrees as there has certainly been inflation since this rate was set in 1996. In any event, Ms. Streaty's counsel has failed to offer evidence to justify a cost of living increase at the rate of $175.00 and has not responded to the Government's argument that the Midwest Urban average rather than the U.S. city average provides the more reasonable and appropriate cost of living adjustment. Therefore, the Court will award fees at the rate requested by the Government.

Next, the Commissioner argues that the time spent on this case was not reasonably expended. Hours that are excessive, redundant or otherwise unnecessary may be excluded from a fee petition. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Commissioner contends the Agency should not be billed for several hours of communicating with co-counsel, administrative tasks and pre-litigation work. Specifically, Ms. Streaty's counsel spent a total of

3.90 hours communicating with co-counsel and of these 3.90 hours, .50 of an hour was spent researching co-counsel (1/12/10). He also spent .25 hours reviewing the Appeals Council order (11/30/09), which is not work before this Court, and .25 reviewing certified mail receipts and filing proof of service (6/4/10), which is administrative work. As such, the Commissioner requests that the Court reduce the time spent communicating with co-counsel to two hours and strike the 11/30/09 and 6/4/10 entries. Ms. Streaty's counsel's hours would then total 24.25 hours (26.65 - 1.90 (co-counsel correspondence) - .50 (administrative and pre-litigation time)).

Ms. Streaty's counsel has not replied to the Commissioner's contentions. The Court is persuaded, therefore, an adjustment for administrative and unnecessary work will be entered. Accordingly, the Court will reduce the requested attorney fee award to $4,169.00 (24.25 hours at $171.00 per hour, plus the $350.00 filing fee), for a total award of $4,519.00.

**C.     Direction of the Award**

Finally, the record is absent as to whether Ms. Streaty has assigned the EAJA fees to counsel. the Supreme Court unanimously held that an EAJA award is payable to the litigant, not her attorney, and is subject to offset to satisfy a pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff* , 130 S. Ct. 2521 (2010); see also id. at \*8 (Sotomayor, J., concurring).

The Commissioner has not asserted that Ms. Streaty owes any debt to the Government. The Commissioner will not be able to determine whether Ms. Streaty has any pre-existing federal debts or the amount of any such debts as of the date of the EAJA award until *after* this Court grants the award. Therefore, this Court cannot order the Government to pay Ms. Streaty's attorney any amount of the EAJA award, as Ms. Streaty may not be entitled to such an amount because of the Debt Collection Improvement Act. Considering the assignment of a fee award only after the Court orders an EAJA award is also consistent with the Anti-Assignment Act, 31

U.S.C. § 3727, which governs any transfer of an interest in monies owed by the United States, including attorney fees.  The Anti-Assignment Act provides, *inter alia*, that "an assignment may be made only after a claim is allowed [and] the amount of the claim is decided."  31 U.S.C. § 3727(b).  The Government may waive compliance with the Anti-Assignment Act.  *Kawa v. United States*, 86 Fed. Cl. 575, 591 (2009).  However, a court may not direct the Government to waive potential objections.

For all these reasons, this Court will make any EAJA award to Ms. Streaty, and allow the parties to resolve the exact method of payment after the award has been made.  If the Government can verify that Ms. Streaty owes no pre-existing debt subject to offset, the Government should then direct that the award be made payable to Ms. Streaty's counsel, provided counsel produces a valid EAJA assignment agreement.

### III.  CONCLUSION

Ms. Streaty's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. #39) is hereby **GRANTED in part and DENIED in part.**  For the reasons set forth above, the Court finds the amount of $4,169.00 in attorney fees plus $350.00 in costs for a total award of $4,519.00, to be reasonable.  The Commissioner will direct that the attorney fee award be made payable to counsel once Ms. Streaty verifies she owes no pre-existing debt subject to offset, and Ms. Streaty's counsel produces a valid EAJA assignment agreement.

**SO ORDERED**.

Date: 05/01/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles D. Hankey
charleshankey@hankeylawoffice.com, kew@hankeylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov, pearlie.wadlington@usdoj.gov, lin.montigney@usdoj.gov