## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONALD STREATY on behalf of Denise Streaty, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-00523-TWP-MJD |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON PETITION FOR ATTORNEY FEES
## UNDER 42 U.S.C. § 406(b)

This matter is before the Court on Petitioner, Charles D. Hankey ("Hankey"), attorney for Plaintiff, Denise Streaty ("Streaty"), Motion for an award of Attorney fees, pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). (Filing No. 44.) The Commissioner filed a response submitting that either reducing or not reducing the requested fee would be within this Court's discretion, but that the caselaw suggests that some reduction is probably appropriate to avoid creating a windfall under the specific circumstances of this case. (Filing No. 48 at 4). For the reasons explained below, the Petition is **granted in part**.

## I.    LEGAL STANDARD

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefits appeal. 42 U.S.C. § 406(b)(1)(A). In addition to the allowance of fees pursuant to § 406(b), the EAJA mandates that a court award attorneys' fees and other expenses to the prevailing party in civil actions against the United States (such as disability benefit appeals to a

federal court).  *See* 28 U.S.C. § 2412(d)(1)(A).  When a prevailing claimant's attorney qualifies for § 406(b) fees but has already received a fee award pursuant to the EAJA, "such award offsets the allowable fee under § 406(b)."  *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007); *see also Astrue v. Ratliff*, 560 U.S. 586, 595–96 (2010); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Even when an attorney's § 406(b) motion for fees is not opposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  The burden is on the claimant's counsel to show that the requested fees are reasonable.  *See Caldwell v. Berryhill*, No. 15-cv-00070, 2017 WL 2181142, at *1 (S.D. Ind. May 18, 2017).

## II.   DISCUSSION

On August 30, 2004, Denise Streaty, by her spouse Donald Streaty, filed an application for Disability Insurance Benefits.  Streaty's application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ").  The Appeals Council denied review of the decision, rendering it the final decision of Defendant, the Commissioner of the Social Security Administration ("Commissioner").  Streaty then appealed to this Court.  On June 21, 2011, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Filing No. 37.)  On May 1, 2013, the Court awarded attorneys' fees to Streaty pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,169.00.  (Filing No. 43.)  On August 28, 2015, following additional proceedings on remand, an ALJ issued Streaty a fully favorable decision awarding her past-due benefits totaling $109,015.00, of which $2,033.00 had already been paid to Streaty's prior counsel.  (Filing No. 44-1 at 1.)  Streaty's subsequent counsel, Hankey,  has filed a Fee Petition and a supporting brief requesting an award of $25,220.25 in attorneys' fees, with the $4,169.00 EAJA fee award to be returned to Streaty.  (Filing No. 44.)  The fees totaling

$25,220.25, is equal to twenty-five percent of the past-due benefits awarded to Streaty ($27,253.75) less the $2,033.50 already paid.  The requested amount represents $946.35 per hour for the 26.65 hours of work performed on Streaty's case before the Court.

Within the Seventh Circuit, fee awards ranging from $400.00 to $600.00 per hour are typically found to be reasonable.  *Derek H. v. Berryhill*, No. 17-cv-02850, 2019 WL 2341377, at *2 (S.D. Ind. June 3, 2019).  But Hankey points out that courts in this District have approved fees based on hourly rates in the range of $1,045.00 and $2,908.00 and argues the Court should weigh the efficient handling of this case and the unique risk of loss associated with Social Security appeals litigation in awarding the requested fees.

The Commissioner asserts that, while § 406(b)(1)(A) allows attorneys' fees up to 25% of the past-due benefits, Streaty's requested $946.35 per hour rate appears to be a windfall.  The Commissioner notes that this Court has declined to award an hourly rate where the benefits were large in comparison to the time spent on the case.  The Commissioner concedes that an hourly rate may go above the typical $400.00 to $600.00 range when the matter has been handled efficiently. *See Derek H.*, 2019 WL 2341377, at *2 (awarding fees at an hourly rate of $1,274.51 and noting other cases awarding fees resulting in hourly rates between $1,045.00 and $2,908.00).  And while 26.65 hours was not an unreasonable amount of time to efficiently litigate the case; the Commissioner points to one case in which the court highlighted the attorney's efficiency of completing the case in 12.95 hours, which resulted in an award of $1,200.00 per hour.  Here, the Commissioner asserts, Hankey seeks compensation for over twice as much and that a reduction in the fee would be appropriate because duplicitous services were performed.  In particular,

> [W]hile the Commissioner does not suggest that 26.65 hours was an unreasonable amount of time to litigate this case, she observes that the time entries reflect **several hours of communication with co-counsel, several quarter-hour entries for**

> **reading routine motions and orders,** and **1.75 hours for reading the Commissioner's brief to which no reply was filed**.

(Filing No. 44-3 (emphasis added).)

In *Gisbrecht*, 535 U.S. at 793, the United States Supreme Court found that § 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Those controls include that: (1) attorneys' fees may be obtained only if the claimant is awarded past-due benefits; (2) attorneys' fees are awarded from, not in addition to, the past-due benefits; and (3) attorneys' fees cannot exceed 25% of the past-due benefits. *Id*. at 795. Hankey's request for fees pursuant to his firm's agreement with Streaty does not run afoul of the limitations imposed by statute.

However, twenty-five percent of the past-due benefits award is not presumptively reasonable. *Gisbrecht*, 535 U.S. at 808. In making a reasonableness determination, the Court should consider such factors as: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case. *Id*. Although the Court can consider a "lodestar calculation" in making its determination, it cannot do so without considering "the primacy of lawful attorney-client fee agreements," including contingency arrangements. *Id*. at 792–93.

After reviewing the supporting documents and the parties' arguments, the Court finds that the requested attorneys' fees should be granted in part. Hankey provided quality representation that led to an outstanding result and Streaty ultimately received a "Fully Favorable" decision for the maximum amount of benefits to which she was entitled. (Filing No. 44-1.) The Commissioner does not contend there was substandard performance by counsel here, nor that any delay of counsel was the cause of the accumulation of past-due benefits to the claimant.

The Court also does not find Hankey's request for fees to be contrary to the terms of his firm's agreement with Streaty.  She agreed that if her case was "won," she would "pay [her] representative a fee equal to the lesser of Twenty-Five Percent (25%) of the past-due benefits resulting from my claim(s), including SSD and SSI benefits . . . ."  (Filing No. 44-4 at 2.)  Streaty also agreed to the following:

> [I]f my claim(s) is/are not approved at any stage through the first hearing level, and further work is undertaken such as an appeal to the Appeals Council or an appeal to federal court, my representative [may] file a fee petition seeking a fee greater than $6,000.00 . . . but not more than 25% of the past-due benefits.

*Id*.

In reviewing the timesheet counsel submitted, the Court agrees with the Commissioner's contention that some reduction is appropriate under the specific circumstances.  *See Linda G. v. Saul*, 487 F. Supp. 3d 743, 747 (N.D. Ill. 2020) (reviewing counsel's activity sheet detailing the hours expended in the case along with the length and quality of the briefs to evaluate the third factor).  The Court finds that it is reasonable to read and review documents from opposing counsel to discern if a reply is warranted.  However, the several hours spent in correspondence with co-counsel is excessive and justifies a reduction for communications with co-counsel (26.65 hours of attorney time less 3.4 hours of communication with co-counsel) (Filing No. 44-3).

Some reduction of the 25% fee is warranted to avoid creating a windfall under the specific circumstances of this case.  An hourly rate of $946.35 is higher than the generally expected range in the Seventh Circuit, but it is supported by counsel's efficient work and devotion.  Accordingly, the Court finds that a reasonable total fee of $22,002.64 (26.65 hours of attorney time less the 3.4 hours of communication with co-counsel, equaling 23.25 hours of attorney time, at $946.35 per 10-hour) is acceptable based on the particular circumstances of this case.

### III.    CONCLUSION

For the forgoing reasons, the Court **GRANTS in part and DENIES in part,** Plaintiff's

attorney's Petition for Attorney Fees Pursuant to § 406(b)(1).   (Filing No. 44.)   The Court finds

that under the circumstances here, 23.25 hours of work at a rate of $946.35 per hour for a total fee

of $22,002.64 is reasonable in this particular case.   Counsel shall return directly to Streaty the

$4,169.00 fee previously awarded under the EAJA.

**SO ORDERED.**

Dated: 9/26/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Brian J. Alesia
SOCIAL SECURITY ADMINISTRATION
brian.alesia@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov